IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 6:09-cr-00252

JOSEPH LEON KAY,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

      Pending before the Court are Defendant's letter-form motions, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce sentence based on a subsequent reduction in the applicable sentencing guideline. (ECF Nos. 58 and 59.) In April 2014, the United States Sentencing Commission approved an amendment ("Amendment 782") to the guideline applicable to drug trafficking offenses, U.S. Sentencing Guidelines Manual § 2D1.1, reducing the base offense associated with such activity by two levels. Subsequently, the Commission approved a second amendment ("Amendment 788") to give Amendment 782 retroactive effect. Both amendments took effect on November 1, 2014. Pursuant to a Standing Order entered on October 7, 2011, and filed in this case on May 7, 2015, this case was designated for standard consideration. (ECF No. 60.) The Court has received and considered the recommendation of the Probation Office, as well as Defendant's Memorandum, (ECF No. 61), and the government's response, (ECF No. 62). For the reasons stated herein, Defendant's motion is **DENIED**.

1

On January 25, 2011, this Court sentenced Defendant to a term of 100 months imprisonment, to be followed by a three-year term of supervised release. (ECF No. 49.) With regard to the sentencing guidelines, the Court found an adjusted offense level of 34, reduced by three levels for acceptance of responsibility for a total offense level of 31. Combined with a criminal history category of III, this yielded a guideline imprisonment range of 135–168 months. (ECF No. 46.) Defendant was ultimately given a below-guideline sentence of 100 months based on the Court's decision to grant a downward variance. (*Id.*)

Section 1B1.10 in the United States Sentencing Guidelines Manual is a policy statement governing sentencing reductions based on retroactive changes to the sentencing guidelines. It provides that a court may reduce a defendant's term of imprisonment, pursuant to the terms of 18 U.S.C. § 3582(c)(2), where (1) the defendant is currently serving a term of imprisonment and (2) the guideline range applicable to that defendant has subsequently been lowered as the result of an amendment to the guidelines listed in § 1B1.10(d). U.S. Sentencing Guidelines Manual § 1B1.10(a)(1) (U.S. Sentencing Comm'n 2015). Amendment 782, the 2014 drug guidelines amendment, is listed in § 1B1.10(d). Moreover, it is undisputed that Defendant's guideline range was lowered as a result of that amendment. When he was originally sentenced, Defendant's guidelines range was determined on the basis of a drug quantity of 775.05 grams of cocaine base. (Presentence Investigation Report ("PSR") ¶ 30.) Under the version of the § 2D1.1 drug quantity table then in place, that quantity corresponded to a base offense level of 32. However, as a result of Amendment 782, the current version of § 2D1.1 assigns a base offense level of 30 to the same quantity of cocaine base. *Compare* U.S. Sentencing Guidelines Manual § 2D1.1 (U.S Sentencing Comm'n 2010) *with* U.S. Sentencing Guidelines Manual § 2D1.1 (U.S. Sentencing Comm'n

2015). Thus, under the current guidelines, Defendant's base offense and total offense levels would accordingly be adjusted two levels downward to 30 and 29, respectively. With a criminal history category III, that offense level yields a guideline range of 108–135 months.

Because the Court granted a variance in sentencing Defendant, however, his original 100-month sentence is still below the minimum guideline range established by the new amendment. When that is the case, the guidelines require that, unless the original below-guideline sentence was the result of a government motion indicating substantial assistance, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range determined under subdivision (1) of this subsection." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2) (U.S. Sentencing Comm'n 2015).[1] As noted above, applying the amended § 2D1.1 table to Defendant's offense, as directed by § 1B1.10(b)(1), yields a guideline range of 108–135 months. Within the limited context of § 3582(c)(2) proceedings, the Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), does not apply and the policy statement articulated in § 1B1.10 of the guidelines is binding. *See Dillon v. United States*, 560 U.S. 817 (2010). Accordingly, this Court has no authority to reduce Defendant's sentence as a result of Amendment 782.

Defendant concedes that the current version of § 1B1.10 prevents him from receiving a sentence reduction to any term of imprisonment below that set by the amended guideline range, but argues that applying the current version of the policy statement to Defendant would violate ex post facto principles. At the time Defendant was sentenced in January 2011, the 2010 version of

---

[1] The guidelines direct that a court shall use the version of § 1B1.10 that is in effect on the date on which the court reduces a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2). U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.8 (U.S. Sentencing Comm'n 2015).

3

the guidelines were in place. In turn, that version of § 1B1.10(b)(2) provided that, where the original sentence imposed was below the applicable guideline range, a reduction comparably less than the amended range "may be appropriate," but that such a reduction "generally would not be appropriate" where the original below-guideline sentence was the result of a *Booker* variance. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B) (U.S. Sentencing Comm'n 2010). While that version generally disfavored the type of sentence reduction Defendant now seeks, it at least provided a court some discretion to reduce a sentence below an amended guideline range, discretion that is eliminated by the 2011 Amendment to § 1B1.10 ("Amendment 759"), which became effective on November 1, 2011. Thus, Defendant argues that the current version of § 1B1.10 "limits [his] ability to receive a reduced sentence in a way that the version in effect when he was sentenced does not." (ECF No. 61 at 3.) It is this limitation that Defendant argues violates the Constitution's ban on ex post facto laws.

The Constitution's ex post facto clause prohibits both federal and state governments from enacting any "ex post facto Law." U.S. Const. art. I, § 9, cl. 3; U.S. Const. art. I, § 10, cl. 1; *see also Kring v. Missouri*, 107 U.S. 221, 227 (1883) ("So much importance did the [c]onvention attach to [the ex post facto prohibition], that it is found twice in the Constitution."). As relevant here, the prohibition condemns "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Calder v. Bull*, 3 U.S. 386, 390 (1798); *see also Weaver v. Graham*, 450 U.S. 24, 30 (1981) (noting that ex post facto prohibition "forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred"). The Supreme Court has found that the sentencing guidelines can qualify as "law" and thus run afoul of ex post facto principles. *Peugh v. United*

4

*States*, 133 S.Ct. 2072 (2013) (holding that the Ex Post Facto Clause is violated when a defendant is sentenced under current guidelines providing a higher sentencing range than the guidelines in effect at the time of the offense). In determining ex post facto violations, the "touchstone" of the Supreme Court's inquiry is "whether a given change in law presents a 'sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Id*. at 2082 (quoting *Garner v. Jones*, 529 U.S. 244, 250 (2000)). "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver*, 450 U.S. at 30.

Consideration of these principles make clear that the challenged policy statement, triggered only when the penalty associated with an individual's conduct has become less severe since that conduct was committed, does not present any ex post facto problems. Several federal courts of appeals have addressed and rejected similar ex post facto challenges to the amended version of § 1B1.10. *See United States v. Diggs*, 768 F.3d 643, 646 (7th Cir. 2014) (noting that, because Amendment 759 only affected a law that became more lenient since the defendant's offense was committed, "we think it clear that the amendment to the policy guidelines had no effect of increasing Diggs' punishment, but merely attempted to limit the extent to which favorable amendments to the guidelines can reduce a sentence"); *United States v. Colon*, 707 F.3d 1255, 1258–59 (11th Cir. 2013) ("So long as the effect of post-conduct amendments to the guidelines is not to increase a defendant's punishment beyond what it would have been without those amendments, 'the imposition of punishment [is not] more severe than the punishment assigned by law when the act to be punished occurred,' and there is no ex post facto problem.'" (quoting

5

*Weaver*, 450 U.S. at 30)); *United States v. Waters*, 771 F.3d 679, 681 (9th Cir. 2014) (noting that Amendment 759 had the effect of preventing the defendant in that case from taking advantage of subsequent retroactive changes in the law affecting his sentence, but that such effect created no ex post facto problem where it did "not increase the punishment for his crime over what was imposed when he was sentenced").

This Court finds persuasive the reasoning in the above-cited cases. Applying the current version of § 1B1.10 simply would not create a "sufficient risk" of increasing the punishment attached to Defendant's crime when it was committed, as it is only even applicable to Defendant because the punishment associated with that crime has retroactively been made less severe. Because Defendant's punishment has not been retroactively increased by Amendment 759, application of the current version of § 1B1.10 to Defendant's motion would not violate the Constitution's ex post facto prohibition. Accordingly, this Court is bound by the directive of that policy statement that, without substantial assistance, a court cannot reduce any defendant's sentence below the minimum of the amended guidelines range associated with his offense.

Based on the foregoing considerations, the Court finds that Defendant is ineligible for a sentence reduction based on the 2014 amendments to § 2D1.1 of the United States Sentencing Guidelines Manual. Accordingly, Defendant's motions for a sentence reduction, (ECF Nos. 58 and 59), are **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: February 18, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE